Good morning, Your Honor. How are you? I'm fine, Your Honor. I'm going to say this is my first appearance here, and I apologize in advance for the mistakes that I'm surely going to make while I'm here. We'll point them out as you go. I hope I'm back to make more mistakes. I'm here because I believe on behalf of my client, Mr. Kouniehle, that the hearing, the original hearing, was fundamentally unfair to him. I think it was unfair because he did not understand the issues and the defenses that he had available to him. You're making an ineffective assistance of counsel claim? Yes, Your Honor, and at the same time, I realize that all the conditions of the Lozada case have not been satisfied. There was not a complaint filed with the State of Nevada against him. And one of the basis of your ineffective assistance of counsel claim is that counsel supposedly said to him that if he agreed to accept deportation and be able to return to the United States after a year because of his marriage to a U.S. citizen, and the failure of a Lozada inquiry is a real problem in this case. Your Honor, the problem I have with that is it seems that there was ineffective assistance of counsel perhaps, but also ineffective assistance of the court. Because if it goes back to the original hearing, Mr. Kounieh, at the hearing, and based on the translation I provided to the court, had one answer, and that was in English, what was his name? Everything else was related by the court. And this gentleman is from Syria. Isn't your big problem here that the first wife came in with a statement that she got a thousand bucks to pretend she's married to your client? Your Honor, I... That's going to be a tough one to overcome, no matter how great a lawyer he gets. You know, paying somebody to pretend to get married is just something the INS really doesn't approve of. I understand that, Your Honor. First, I think this is one of those tit-for-tat situations, I believe, because... I'm sort of cutting through and assuming that you could, you know, again, as I did in the last case, get into the matter of prejudice. Let's say you sort of got it all back and you got a chance to argue the things that weren't argued the last time. He's not going to get asylum when he's got the first wife saying he paid me a thousand bucks to pretend to be married. I can't imagine. But, Your Honor, she also made the second declaration... It was a ten thousand, okay. And the marriage was a marriage. It was consummated. She made that statement in a later declaration we provided to court. In other words, I've said if you believe the first part of the statement in which she says that she received some money, then shouldn't you believe the second part in which she says that I was coerced into making that statement? And the marriage was consummated. So, yes, we have something to overcome, but I think we should have the opportunity to overcome that. As it was, he appeared at a hearing in which the only words that he said was my name. And I believe in terms of learning or speaking English, that's fairly easy. What's your name? You don't have to be fluent in English to really understand that. But everything else, the consequences of admitting to marriage fraud, admitting that he had married in violation of the immigration laws, and then the consequences of being removed immediately. I think, Your Honor, he deserves that opportunity to present his case. And then, of course, immigration decided, even while we were on appeal, before the BIA had given a decision, decided to ship him to Syria. Okay. Thank you. Thank you, Your Honor. You're back. I'm back. May it please the Court, shall we go again for a respondent? Anything you heard this morning in this case that you think is not adequately covered by your brief? I do not. Okay. There are no questions. Government rests. The case is decided. You will stand for a minute. We'll next hear an argument in SAP versus INS. Good morning, Your Honors. David Kaufman appearing for the respondent. I'm sorry, for the petitioner. And we're here today. I was going to say wishful thinking. In immigration court, I normally represent the respondents. Right, of course. We're here today seeking review of a decision of the Board of Immigration Appeals denying petitioner's motion to reopen deportation proceedings. This motion to reopen was based on an approved visa petition filed by her U.S. citizen husband and an application for adjustment of status, which had previously been. This is the first husband, right? This is the second husband. This is the second husband. This is the second husband. Tam. Tam is the second husband. Right. Sap is the first. Maybe. Pardon? Maybe. This is a marriage which has been approved by the service after an individualized interview of petitioner and her current spouse. This is not a petition which was simply approved by a service center based on some paper documentation. You're talking about the second marriage. The second marriage. Yeah. The problem is the first marriage. The conclusion was that your client had failed to establish that the first marriage was in any way valid, and so therefore they said we're not going to get into the serial marriage game because the first one's no good. I was very impressed with the detail in which they went into in deciding that in this case. For example, saying I'm not even going to pay attention to the hearsay conversation between the investigator and Mr. Sap. I'm only going to go on the first-person direct evidence I see right here. I mean, I thought there was considerable care taken by the fact finder in this case. The immigration judge, the fact finder, whose decision the board bases its decision on, the decision we're seeking review of, lists a litany of inconsistencies and troublesome statements. Right. At the end of the decision, though, based on this list of inconsistencies and troublesome statements, what conclusion does the fact finder come to? The fact finder comes to the conclusion that petitioner had failed to carry her burden of proof. In the application for a waiver, a good faith waiver under 216- You're talking about the IJ's decision? The IJ's decision. I'm sorry, where are you referring to? The IJ's decision? Yeah. It would be at- 081? Well, I think it's 7983 is the entire thing. But you have to go back a couple of pages. The conclusion to be drawn here is the divorce petition may not in fact have been executed and filed by Mr. Sapp. The divorce petition could indeed be a fraudulent petition, on and on and on, and natural influence that Mr. Sapp may not even have attended the adjustment of status interview. It does appear a natural influence that Sapp was living on Moore Street and never lived in Danville. I mean, all of these findings of fraud. And then it says, well, you didn't carry a burden. I also forgot to say I wanted to reserve three minutes at the beginning of my statement. All of these statements that you're referring to, Your Honor, are speculative. He's pointing out inconsistencies which Sapp failed to meet her burden of proof to rebut. But given all those statements, he does not come, the immigration judge does not come to the conclusion that you have, that I'm denying your case because you have made willful material misrepresentations in order to gain immigration benefit. The conclusion the fact finder comes to is you failed to convince me. There may be a problem here. I'm suspicious there's a problem here. It's your job to convince me, and you've not done that. But the board then said, despite an approved visa petition, we find the respondent is not prima facie eligible to readjust. The IJ determined that the respondent had not carried her burden of proof to demonstrate that her marriage on August 11 was entered in good faith. And that was her burden of proof. She failed. Her case crashed. And so then the board says, as a matter of discretion, the respondent is precluded from adjusting her status. What's the problem with this? There is a problem. Should they have said even though she failed to prove her case? There is a problem in that, in one part, that the decision of the Board of Immigration Appeals is muddled. The decision of the Board of Immigration Appeals, which appears on page four, says that as a matter of discretion, you're precluded. There's a mixing of terms here. Is the board saying that she is, as a matter of discretion, they're going to choose not to reopen? Or are they saying that she is precluded as a matter of law because she's inadmissible for having made misrepresentations? There's never been a specific finding that she made misrepresentations. I would also draw the court's attention to the fact of the approved second petition, the TAN petition. The standard in order to have that petition approved is clear and convincing evidence. Under Section 204C of the Immigration Act, if the Attorney General and any entity, including the immigration judge, had found specifically that TAN had ever entered into or conspired to enter into a marriage in order to evade immigration laws, then the Attorney General is precluded by law from approving the petition. Yet the TAN petition was approved. The TAN petition was approved by the service in full knowledge of the immigration judge's earlier decision. The fact that the petitioner was in immigration proceedings is noted on the face of the approval notice, which I believe is at page 16 of the administrative record. The statements of the immigration judge are part of the record in the proceedings at which the service was fully represented. So I don't believe at this point the service can now say that the approval of the second petition was made without any knowledge of the speculative statements of the immigration judge. Finally, I would just also like to say that the application for adjustment of status was pending at the time of petitioner's 1999 hearing. At the conclusion of that hearing, the immigration judge did not deny that application, did not find that she was statutorily ineligible for adjustment of status, did not find that she was precluded by law of adjustment of status. Instead, the immigration judge simply said he was not in a position to adjudicate that petition, that application because the visa petition had yet to be approved. That situation has now changed. That situation has been changed after an individualized interview of the parties in full knowledge of the proceedings that preceded it. We're asking that the matter be returned to the immigration judge, at which point she can seek the relief which was available to her on the day of her hearing and was only prevented from pursuing it because of the delay that the service imposed on adjudicating the second petition, which they've now adjudicated and it's been approved. I'd like to reserve the balance of my time. Thank you. May it please the Court, Dan Goldman on behalf of the Respondent, Your Honor. Your Honor, in this case, the Board properly denied the motion to reopen, and as the Court has noted in the language in the Board's decision, it did so in part because of the So she hasn't approved second petition? I mean, the last thing counsel said. It would appear her petition for her most recent marriage was approved, Your Honor, yes. And what is the effect of that? Your Honor, in this case, the I'm having trouble understanding all this. I'm having trouble understanding it as well, Your Honor, because in this case, the Board's decision specifically says there was a problem, I guess the second marriage was entered into in bad faith. Therefore, this individual is inadmissible. Therefore, she should not be eligible to adjust. And at some level, the petitioner's arguments are undercut by their asking for a waiver of inadmissibility. So the last thing I heard was she now has an approved second petition. How can the Board do that? Is counsel wrong in saying that? I don't think counsel's wrong to say it was approved. The Board is not the one who approved the second petition, Your Honor. Who approved it? The service did that. What's the effect of the approval of the second petition? It's the government's position that it shouldn't affect this case, Your Honor, and that this case, the motion to reopen was properly denied because Does this moot this case? If she has an approved petition, does she need any relief here? Does that mean that she can get her status adjusted because of her second marriage and then all we're doing here is irrelevant? I would hope not, Your Honor, and in response to that Why would you ever hope about it one way or the other? We would hope that we're not all wasting our time here, Your Honor, and that in this case the petitioner brought the case Let's say we agree with you. Bingo. It's gone. And then what happens to that approval that she has? What does that accomplish for her? In effect, then that becomes moot, Your Honor, I believe. And she's what? She would be deported. Is it moot or do they have to revoke it? What's the procedural way that that's processed? I don't want to speculate, Your Honor. I don't know the exact procedure for revoking or mooting out an approved petition, but this court would have the opportunity to say, No, the motion to reopen was properly denied. She's inadmissible. She has not received a waiver of inadmissibility under Section 212I. Therefore, relief is denied, and then the previous order of deportability could be enforced, and she would ultimately leave the United States. And, yes, Your Honor? How do you make of the Virk case, V-I-R-K? I'm sorry, I don't You don't have the case? I don't have it in front of me, Your Honor. I don't recall the specifics of it. It's an opinion by Judge Danby, July 16, 2002, in which he says that when you have a second marriage, which is all good and everything approved, that you disregard the fact that there was a fraudulent marriage which took place before that. Two things in response to that, Your Honor. One, we disagree for the reasons stated earlier. But second, I think petitioners That's fine. This is binding law in our circuit. Yes, Your Honor. But in addition to that, I think petitioner's conduct itself belies the argument that that's actually true. When a petitioner comes before the board and says, Please give me a 212I waiver, which is specifically given to waive under 212A6 fraudulent behavior that would render an individual otherwise inadmissible, petitioner's the one who asked for a waiver. Petitioner clearly believed a waiver was necessary, or petitioner wouldn't have asked for it. And so to say all of a sudden that petitioner asked for that waiver for no reason whatsoever just doesn't cut muster. Subject to the court's questions, Your Honor, the government would rest on its brief. You might want to take a look at this case. Yes, Your Honor. In light of the approved second petition, it becomes somewhat relevant. Okay. Case is argued. Stand some minutes. Oh, I'm sorry. You have time. I simply have to say that it has been the board's stated position and policy since Meda Garcia, and that position was reiterated in Matter of Valarde in 2002, that where a petitioner is practically eligible, has the approved petition in Matter of Valarde, even where there simply is clear and convincing evidence that it's a valid marriage. When was the second petition approved? Pardon? When was the second? The second petition was approved in, I believe, 2000. I don't have the exact date, but my notes indicate that it was 18 months ago from today. So it was approved on November 19th, 2001. At no time since November 19th, 2001 has the service began revocation proceedings. So there was a question raised about that the service would, under policy. In your view, what is the effect of the second petition? The second petition has a number of effects. One, it makes her prima facie eligible to adjust status here in the United States. Number two, it is a clear indication that she did not enter into the first marriage in either bad faith or in order to evade the immigration laws. Subsequent to entering into the marriage, she very well may have made misrepresentations in conjunction with seeking to remove the condition on her residence, but thus far no one has made that finding. While there are some indications that there is suspicion and trouble by the fact finder, the ultimate decision was simply that she failed to carry her burden of proof. If subsequently, later on, it is decided that she did make misrepresentations, not as to the good faith nature of the first marriage, because that is, as far as the service is concerned, a done deal with the approval of the second petition. But in conjunction with her application for waiver of the condition, then she'd be eligible to apply for a waiver, and the hardship of the U.S. citizen spouse, the current U.S. citizen spouse, would come into play. In the board's, if you interpret the board's decision as a denial based on the exercise of discretion, that's an abuse of discretion because it's a departure from their stated policy, and the board does not even discuss the impact on the U.S. citizen spouse. Thank you very much. Okay, thank you. Appreciate your time. We are adjourned.
judges: B.fletcher, Kozinski, Trott